1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11                                ----oo0oo----

12   JUAN ESPINOZA,                        CIV. NO. 2:15-751 WBS KJN

13              Plaintiff,                 MEMORANDUM AND ORDER RE: MOTION
                                           TO DISMISS
14        v.

15   CITY OF TRACY, R. LEON
     CHURCHILL, and DOES 1 through
16   40 inclusive,

17              Defendants.

18

19

20

21                                ----oo0oo----

22          Plaintiff Juan Espinoza filed this action against the

23   City of Tracy ("the City"), City Chief of Police Gary Hampton,

24   and City Manager R. Leon Churchill, alleging unconstitutional

25   discharge and retaliation under 42 U.S.C. § 1983.  (Compl.

26   (Docket No. 1).)  Plaintiff has dismissed Hampton from this

27   action.  (Docket No. 24.)  The City and Churchill (collectively

28
                                      1

1    "defendants") are the only remaining defendants.  Defendants now

2    move to dismiss plaintiff's Complaint pursuant to Federal Rule of

3    Civil Procedure 12(b)(6).  (Defs.' Mot. (Docket No. 22).)

4    I.   Factual and Procedural History

5              Plaintiff worked for the City's police department from

6    1995 to July 29, 2013.  (Compl. ¶ 1.)  In 2009, the City

7    initiated two investigations against plaintiff--one for alleged

8    discrimination, and another for alleged failure to report an in-

9    custody death to the City's Chief of Police.  (Id. ¶¶ 18, 20.)

10   Plaintiff "complained formally and informally about the

11   investigation[s]," alleging that the City: (1) "brought false

12   accusations" against him; (2) "refused to surrender

13   investigation, notes, tapes, and other requested materials so

14   [that he] could defend himself"; (3) "destroyed evidence"; (4)

15   "failed to promote [him] to acting Chief" during the

16   investigations despite his becoming the "most senior of all sworn

17   command officers" at that time; and (5) kept his investigations

18   open for more than one year despite "clear [statutory] mandates"

19   that they "be officially closed" after one year.  (Id. ¶¶ 18-19,

20   27.)  Plaintiff alleges that the City "failed to prove any

21   misconduct" on his part from the investigations.  (Id. ¶ 27.)

22             In March 2011, Plaintiff sued the City, Churchill,[1] and

23   other City executives in the California Superior Court, alleging

24   that they violated various provisions of the California Public

25   _____

26        [1]    Churchill was allegedly "one of the primary policy
     makers for the City" during the time plaintiff was being
27   investigated and responsible for the decision to place plaintiff
     on leave.  (Compl. ¶ 5, 21, 37.)  Plaintiff sues Churchill in his
28   "individual and official capacities."  (Id. ¶ 5.)

1   Safety Officers Procedural Bill of Rights Act ("PBRA") by

2   investigating him, keeping his investigations open for more than

3   one year, and subjecting him to adverse employment action during

4   that time.  (See id. ¶¶ 2-3; Defs.' Request for Judicial Notice

5   ("RJN") Ex. 1, State Ct. Compl. (Docket No. 23).[2])

6           While the state litigation was ongoing, plaintiff

7   became aware "that a conflict of interest likely existed" as to

8   the City's counsel--Liebert Cassidy Whitmore ("Liebert")--because

9   Liebert was representing the City in the state action while

10  separately engaging in "ex parte communications with [him] about"

11  an unrelated matter that he was working for the City on.  (Compl.

12  ¶ 34; RJN Ex. 3, Order Denying Pl.'s Mot. to Disqualify Counsel.)

13  Plaintiff filed a motion to disqualify Liebert from the state

14  case on April 3, 2013.  (Compl. ¶ 35.)  The day after he filed

15  the motion, the City placed him on indefinite administrative

16  leave.  (Id. ¶¶ 36, 39.)

17          After remaining on leave for nearly four months,

18  plaintiff resigned from the Tracy Police Department.  (Id. ¶ 54.)

19  Plaintiff dismissed his state action without prejudice on

20  September 3, 2014.  (RJN Ex. 6, Request for Dismissal at 1.)

21          On April 6, 2015, plaintiff filed the present action.

22  (Compl.)  In contrast to his state action, plaintiff's federal

23

24          [2]   The court takes judicial notice of Exhibits 1 through 9
     attached to defendants' Request for Judicial Notice, as such
25   documents are on file with the California Superior Court.  See
     U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,
26   971 F.2d 244, 248 (9th Cir. 1992) (federal courts "may take
     notice of proceedings in other courts, both within and without
27   the federal judicial system, if those proceedings have a direct
     relation to matters at issue").
28
                                    3

1    action does not raise any PBRA claims.  Instead, it brings a 42

2    U.S.C. § 1983 claim, alleging that the City and Churchill

3    violated plaintiff's "First, Fourth, and/or Fourteenth

4    Amendment[]" rights by "discriminati[ng]" against him,

5    "retaliati[ng]" against him, denying him "due process," and

6    denying him "Equal Protection of the Law" during his

7    investigations and the state litigation.  (Id. ¶¶ 49-50.)

8    Plaintiff does not allege that he is a member of any protected

9    class, but claims that he was a victim of "nepotism and

10   favoritism permeating the City . . . while Churchill was City

11   Manager."  (Id. ¶ 29.)  Defendants now move to dismiss

12   plaintiff's Complaint under Rule 12(b)(6).  (Defs.' Mot.)

13   II.  Legal Standard

14        On a motion to dismiss for failure to state a claim

15   under Rule 12(b)(6), the court must accept the allegations in the

16   pleadings as true and draw all reasonable inferences in favor of

17   the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

18   overruled on other grounds by Davis v. Scherer, 468 U.S. 183

19   (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a

20   motion to dismiss, a plaintiff must plead "only enough facts to

21   state a claim to relief that is plausible on its face."  Bell

22   Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

23        "While a complaint attacked by a Rule 12(b)(6) motion

24   to dismiss does not need detailed factual allegations, a

25   plaintiff's obligation to provide the 'grounds' of his

26   'entitle[ment] to relief' requires more than labels and

27   conclusions . . . ."  Twombly, 550 U.S. at 555 (citation

28   omitted).  "Threadbare recitals of the elements of a cause of

4

1   action, supported by mere conclusory statements, do not suffice,"

2   and "the tenet that a court must accept as true all of the

3   allegations contained in a complaint is inapplicable to legal

4   conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

5   The "plausibility" standard, "asks for more than a

6   sheer possibility that a defendant has acted unlawfully," and

7   where a plaintiff pleads facts that are "merely consistent with a

8   defendant's liability," the facts "stop[] short of the line

9   between possibility and plausibility." Id. (quoting Twombly, 550

10   U.S. at 557). "[D]etermining whether a complaint states a

11   plausible claim is context-specific, requiring the reviewing

12   court to draw on its experience and common sense." Id. at 663–64

13   (citing Twombly, 550 U.S. at 556).

14   III. Discussion

15   Section 1983 "provides a cause of action against any

16   person who, under color of state law, deprives an individual of

17   federal constitutional rights." Suit v. City of Folsom, No.

18   2:16-00807 WBS AC, 2016 WL 4192437, at *2 (E.D. Cal. Aug. 8,

19   2016).

20   With respect to plaintiff's Fourth Amendment claim, the

21   Complaint makes no mention of any search, seizure, or invasion of

22   privacy that took place at any time during plaintiff's

23   investigations or at any other time.  Plaintiff alleges that the

24   City brought false accusations against him and kept his

25   investigations open for longer than it should have, but such

26   allegations do not in themselves suggest that there was a search,

27   seizure, or invasion of plaintiff's privacy.  Accordingly,

28   plaintiff has not stated a Fourth Amendment claim.

5

1   　　　Plaintiff's First Amendment claim is also deficient.

2   To state a First Amendment claim in the public employment

3   context, a public employee must allege that he "spoke on a matter

4   of public concern." Karl v. City of Mountlake Terrace, 678 F.3d

5   1062, 1068 (9th Cir. 2012).  "To address a matter of public

6   concern, the content of the . . . speech must involve 'issues

7   about which information is needed or appropriate to enable the

8   members of society to make informed decisions about the operation

9   of their government.'" Desrochers v. City of San Bernardino, 572

10  F.3d 703, 710 (9th Cir. 2009) (internal citation omitted).

11  "[S]peech that deals with 'individual personnel disputes and

12  grievances' and that would be of 'no relevance to the public's

13  evaluation of the performance of governmental agencies' is

14  generally not of 'public concern.'"  Id. (internal citation

15  omitted).

16  　　　The "public concern" requirement applies in both

17  employment speech cases and in cases where the employee seeks

18  First Amendment protection for bringing litigation against his

19  employer. Rendish v. City of Tacoma, 123 F.3d 1216, 1220 (9th

20  Cir. 1997) ("[A] public employee's litigation must involve a

21  matter of public concern in order to be protected by either the

22  Petition Clause or the Speech Clause of the First Amendment.").

23  　　　Plaintiff alleges that defendants violated his First

24  Amendment rights by denying him a promotion and placing him on

25  administrative leave after he brought state court litigation

26  against the City for its handling of his investigations.  (Compl.

27  ¶ 25-26, 40, 47.)  The subject matter of plaintiff's state court

28  litigation, however, does not concern any "issues about which

6

1   information is needed or appropriate to enable the members of

2   [the public] to make informed decisions about the operation of

3   their government."  Instead, it concerns only plaintiff's

4   personal disagreement with how the City and Churchill handled his

5   investigations and treated him while the investigations were

6   ongoing.  Because these issues amount only to "individual

7   personnel disputes and grievances," they do not constitute

8   protected speech under the First Amendment.  Plaintiff may well

9   have valid retaliation claims under other provisions of state or

10   federal law, but he has not raised those provisions here.

11          Plaintiff also alleges that defendants violated his

12   First Amendment rights by placing him on leave after he brought a

13   motion to disqualify Liebert from the state court litigation.

14   (Id. ¶ 47.)  He argues that the motion was protected speech

15   because it "address[ed] the integrity of the legal profession, a

16   matter of public concern."  (Pl.'s Opp'n at 9 (Docket No. 26).)

17   It is evident from plaintiff's Complaint, however, that the

18   motion was brought as part of a litigation strategy to hamper the

19   City's defense in the state court case.  The Complaint mentions

20   nothing about the public's interest in connection with the

21   motion.  That the motion was brought under the California Rules

22   of Professional Conduct, which makes a reference to "protect[ing]

23   the public," see CA ST RPC Rule 1-100(A), is unavailing.  See

24   Desrochers, 572 F.3d at 711 ("[T]he fact that speech contains

25   passing references to public safety[,] incidental to the message

26   conveyed weighs against a finding of public concern." (internal

27   citation omitted)).  Accordingly, plaintiff's 'motion'

28   allegations fail to amount to a First Amendment claim as well.

1          Plaintiff's Fourteenth Amendment claim is vague and

2    difficult to decipher.  It appears to be based on the same

3    adverse employment actions that plaintiff bases his First

4    Amendment claim on: denial of a promotion during his

5    investigations, and placement on administrative leave after he

6    brought state court litigation against defendants.  Plaintiff

7    alleges two violations of the Fourteenth Amendment: an equal

8    protection violation and a substantive due process violation.

9    (Compl. ¶¶ 49, 50.)

10          "To state a claim under 42 U.S.C. § 1983 for a

11   violation of the Equal Protection Clause of the Fourteenth

12   Amendment a plaintiff must show that the defendants acted with an

13   intent or purpose to discriminate against the plaintiff based

14   upon membership in a protected class."  Barren v. Harrington, 152

15   F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged

16   membership in any protected class.  His Complaint merely states

17   that he "was subjected to selective enforcement of the

18   disciplinary process" due to "nepotism and favoritism permeating

19   the City."  (Compl. ¶¶ 27, 29.)  He cites no case, and the court

20   is not aware of any case, holding that "nepotism and favoritism"

21   give rise to an equal protection claim.  See Lanier v. Fresno

22   Unified Sch. Dist., No. 1:09-CV-1779 AWI SKO, 2014 WL 346561, at

23   *6 (E.D. Cal. Jan. 30, 2014) ("42 U.S.C. § 2000d . . . protects

24   only against those forms of bias that are prohibited by the

25   Fourteenth Amendment.  Thus there is no protection under section

26   2000d for bias arising from nepotism, personal preference,

27   familiarity or friendship.").  Accordingly, plaintiff has not

28   stated an equal protection claim.

1    "To establish a substantive due process claim, a

2    plaintiff must, as a threshold matter, show a government

3    deprivation of life, liberty, or property." Nunez v. City of Los

4    Angeles, 147 F.3d 867, 871 (9th Cir. 1998).  "[T]he absence of

5    any claim by the plaintiff that an interest in liberty or

6    property has been impaired is a fatal defect in [his] substantive

7    due process argument." Id. (quoting Jeffries v. Turkey Run

8    Consol. Sch. Dist., 492 F.2d 1, 4 (7th Cir. 1974)).  The Ninth

9    Circuit has held that "expectancy in a promotion [is not] a

10   property interest" unless it is guaranteed "from an independent

11   source such as state law." Id. at 872.  "Until someone actually

12   receives a promotion, or at least a binding assurance of a

13   forthcoming promotion, he cannot claim a property interest in the

14   promotion." Id. at 873.

15       Plaintiff alleges that the City "failed to promote

16   [him] to acting Chief" during his investigations despite the fact

17   that he had become the "most senior of all sworn command

18   officers" during that time.  (Compl. ¶¶ 19, 30.)  This failure,

19   according to plaintiff, was "in violation of past practice."

20   (Id. ¶ 19.)  "Past practice," however, is not sufficient to

21   establish a property interest under Ninth Circuit precedent.  See

22   Nunez, 147 F.3d at 873.  Plaintiff cites no statute, regulation,

23   or contractual term entitling him to a promotion once he became

24   the most senior officer.  The court is not aware of any such

25   statute, regulation, or term.  See id. at 872 ("In California,

26   the terms and conditions of public employment are generally fixed

27   by the statute, rules or regulations creating it, not by contract

28   (even if one is involved).  No such law creates a property

9

1   interest in a promotion." (internal citations and quotation marks

2   omitted)).  Accordingly, plaintiff has not stated a claim that

3   the City violated his Fourteenth Amendment rights by failing to

4   promote him during his investigations.

5            Plaintiff may have a property interest in his job as a

6   police officer, however.  See id. at 871 ("[O]ne's actual job as

7   a tenured civil servant is property."); see also Dorr v. Butte

8   Cty., 795 F.2d 875, 876 (9th Cir. 1986) ("Under California law, a

9   'permanent employee,' dismissible only for cause, has 'a property

10  interest in his continued employment which is protected by due

11  process.'" (quoting Skelly v. State Pers. Bd., 15 Cal. 3d 194,

12  207-08 (1975))).  He alleges that the City deprived him of that

13  interest when it placed him on indefinite administrative leave,

14  thus constructively terminating him.  (Compl. ¶ 40.)

15           Even assuming that defendants deprived plaintiff of a

16  property interest by constructively terminating him, plaintiff

17  has not alleged that the deprivation occurred without due

18  process.  The "essential principle of due process is that a

19  deprivation of life, liberty, or property 'be preceded by notice

20  and opportunity for hearing appropriate to the nature of the

21  case.'"  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542

22  (1985) (quoting Mullane v. Central Hanover Bank & Trust Co., 339

23  U.S. 306, 313 (1950)).  "[A] public employee with a property

24  interest in his continued employment must be provided with 'oral

25  or written notice of the charges against him, an explanation of

26  the employer's evidence, and an opportunity to present his side

27  of the story."  Walls v. Cent. Contra Costa Transit Auth., 653

28  F.3d 963, 968 (9th Cir. 2011) (quoting Cleveland Bd. Of Educ.,

470 U.S. at 546).  The hearing for termination of public employment "need not be elaborate."  Id.  So long as the "individual [has] the opportunity to be heard before he is deprived" of his job, the employer has satisfied the "root" requirement of due process.  Id.

Plaintiff does not allege that he was denied notice or opportunity to be heard before he resigned from the Tracy Police Department.  To the contrary, his Complaint alleges that the City notified him that he was being placed on leave because he disclosed, in his motion to disqualify, "confidential material pertaining to two, other peace officers."[3]  (Compl. ¶ 37.)  The Complaint also alleges that while "[o]n indefinite suspension, Plaintiff proceeded through the [City's] administrative process," indicating that he availed himself of the City's grievance procedure before resigning.  (Compl. ¶ 39.)  That the City placed plaintiff on leave before providing him a hearing is not itself a violation of due process.  See Abel v. City of Algona, 348 F. App'x 313, 315 (9th Cir. 2009) (declining to find "due process right to a hearing before [police officers] are put on leave"); Dias v. Elique, 436 F.3d 1125, 1132 (9th Cir. 2006) (holding the same).  Accordingly, plaintiff has not stated a claim that the City violated his Fourteenth Amendment rights by placing him on

_____

[3]   Plaintiff states that the reason given for his suspension was "pre-textual."  (Compl. ¶ 58.)  That the reason may have been pre-textual, however, does not change the fact that the City gave him notice.  And, as explained supra, the other reasons plaintiff cites for the City's hostility towards him-- favoritism, nepotism, and retaliation for his suing the City over personal concerns--do not trigger constitutional protections. They may trigger protections under other provisions of state or federal law, but plaintiff has not raised such provisions here.

1    administrative leave.

2           For the reasons discussed above, the court will dismiss

3    plaintiff's Complaint without prejudice.

4           IT IS THEREFORE ORDERED that defendants' Motion to

5    dismiss plaintiff's Complaint be, and the same hereby is,

6    GRANTED.  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

7           Plaintiff has twenty days from the date this Order is

8    signed to file an amended complaint, if he can do so consistent

9    with this Order.

10   Dated:  November 15, 2016

11                                       WILLIAM B. SHUBB

12                                       UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28