UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JUAN ESPINOZA, | CIV. NO. 2:15-751 WBS KJN |
| Plaintiff, | ORDER RE: MOTION TO DISMISS |
| v. | |
| CITY OF TRACY, R. LEON CHURCHILL, and DOES 1 through 40 inclusive, | |
| Defendants. | |

----oo0oo----

On November 15, 2016, the court dismissed plaintiff's complaint with leave to amend. (Docket No. 32.) On December 5, 2016, plaintiff filed a First Amended Complaint ("FAC"), reasserting the original claims under 42 U.S.C. § 1983 with modifications in response to the courts November 15, 2016 Order, and adding two new claims for conspiring to violate plaintiff's constitutional rights in violation of 42 U.S.C. § 1985, and for infringing upon plaintiff's right to make and enforce contracts in violation of 42 U.S.C. § 1981.  (FAC ¶¶ 49-50, 56-57, 61-62,

1

65-66.)  Defendants now move to dismiss plaintiff's FAC.  (Defs.' Mot.)

On plaintiff's section 1983 causes of action, the court finds that the FAC now alleges sufficient facts to survive a motion to dismiss under Rule 12(b)(6).  With regard to the two new causes of action, Section 1985 prohibits two or more persons from conspiring to deprive any person or class of persons of certain civil rights.  42 U.S.C. § 1985.  A plaintiff must allege that the defendants were motivated by racial animus.  See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (requiring racial animus in section 1985(3) actions); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990) (requiring racial animus in section 1985(2) actions).

While the FAC alleges that defendants were the conspirators, it is devoid of any factual allegations suggesting there was an agreement among defendants to violate plaintiff's constitutional rights.  Plaintiff's conspiracy allegations without factual specificity are insufficient.  See Olsen, 363 F.3d at 929 (holding that allegations concerning the existence of a conspiracy to violate a federal right must be supported by specific facts).  Likewise, there are no factual allegations that support the conclusion that defendants were motivated by invidious class-based animus.  Accordingly, the court must dismiss plaintiff's section 1985 claim.

Section 1981 states, in relevant part, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts."  42 U.S.C. § 1981(a).  "To state a claim under §

1  1981, a plaintiff must identify an impaired 'contractual
2  relation,' by showing that the intentional racial discrimination
3  prevented the creation of a contractual relationship or impaired
4  an existing contractual relationship." Jackson, 2012 WL 5337076,
5  at *3 (quoting Boyd v. Feather River Cmty. Coll. Dist., Civ. No.
6  11-0231 JAM EFB, 2011 WL 5024547, at *4 (E.D. Cal. Oct. 20,
7  2011)).

8       In California, "public employment is not held by
9  contract but by statute . . . ." Miller v. California, 18 Cal.
10 3d 808, 813 (1977).  Therefore, "insofar as the duration of such
11 employment is concerned, no employee has a vested contractual
12 right to continue in employment beyond the time or contrary to
13 the terms and conditions fixed by law." Id.; see, e.g., Fallay
14 v. San Francisco City & County, No. C 08-2261 CRB, 2016 WL
15 888901, at *3 (N.D. Cal. Mar. 8, 2016) (finding a city employee
16 could not bring a section 1981 claim because the terms and
17 conditions of employment was determined by California statute).

18      Plaintiff alleges that he "and Tracy entered a relevant
19 employment contract at the beginning of Plaintiff's employment
20 with [the department], which was found in the MOU and related
21 materials."[1]  (FAC ¶ 65.)  However, plaintiff allegedly "was
22 classified as a peace officer under Penal Code section 830.1"
23 with rights codified in the PBRA.  (Id. ¶ 3.)  As a public
24 employee, plaintiff is not entitled to section 1981 protection
25 because his employment is governed by statute.  See Woodson v.

---

[1] The court need not accept plaintiff's legal conclusion that his employment relationship was contractual. See Papasan v. Allain, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.").

3

1   California, Civ. No. 2:15-01206 MCE CKD, 2016 WL 6568668, at *6-7
2   (E.D. Cal. Nov. 4, 2016) (holding California Department of
3   Corrections employee could not sue under section 1981); Zimmerman
4   v. City & County of San Francisco, No. C 93-4045 MJJ, 2000 WL
5   1071830, at *10 (N.D. Cal. July 27, 2000) (holding city employee
6   could not sue under section 1981); see also Hittle v. City of
7   Stockton, Civ. No. 2:12-00766 TLN KJN, 2016 WL 1267703, at *7
8   (E.D. Cal. Mar. 31, 2016) (finding a city-employed police officer
9   was a public employee and thus could not bring a breach of
10  contract claim against the city).  The FAC identifies no other
11  contractual relationship that defendants allegedly infringed
12  upon.

13          Because plaintiff fails to allege a contractual
14  relationship that defendants impaired, the court must also grant
15  defendants' motion to dismiss plaintiff's section 1981 cause of
16  action.

17          IT IS THEREFORE ORDERED that defendants' motion to
18  dismiss plaintiff's first and second causes of action under 42
19  U.S.C. § 1983 be, and the same hereby are, DENIED.

20          IT IS FURTHER ORDERED that defendants' motion to
21  dismiss plaintiff's third and fourth causes of action under 42
22  U.S.C. §§ 1981 and 1985 be, and the same hereby are, GRANTED.

23          Plaintiff has twenty days from the date this Order is
24  signed to file a second amended complaint, if he can do so
25  consistent with this Order.

26  Dated:  February 9, 2017        _____
                                    WILLIAM B. SHUBB
27                                  UNITED STATES DISTRICT JUDGE

28

                                    4