UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JUAN ESPINOZA,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF TRACY, CHIEF OF POLICE GARY HAMPTON, R. LEON CHURCHILL, JR., and DOES 1 through 40, inclusive,<br><br>   Defendants. | No. 15-cv-751 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS |

----oo0oo----

   Plaintiff Juan Espinoza filed this action against the City of Tracy ("the City") and City Manager R. Leon Churchill alleging unconstitutional discharge and retaliation under 42 U.S.C. § 1983.[1] (First Am. Compl. (Docket No. 33).) Presently before the court is defendants' Motion for Attorney Fees (Docket No. 81) and defendants' Bill of Costs (Docket No. 80).

---

[1] The City and Churchill (collectively "defendants") are the only remaining defendant

1

I. Procedural Background

Plaintiff filed his initial Complaint on April 6, 2015, and the court dismissed plaintiff's Complaint without prejudice. (Compl. (Docket No. 1); Nov. 15 Order (Docket No. 32).) Plaintiff then filed a First Amended Complaint ("FAC") under 42 U.S.C. § 1983 alleging the City and Churchill violated plaintiff's "First, Fourth, and/or Fourteenth Amendment[]" rights against him," by "discriminat[ing]" against him, "retaliati[ng]" against him, denying him "due process," and denying him "Equal Protection of the law." (FAC ¶¶ 49-50, 56-57 (Docket No. 33).) Plaintiff also added two new claims for conspiring to violate plaintiff's constitutional rights in violation of 42 U.S.C. § 1985, and for infringing upon plaintiff's rights to make and enforce contracts in violation of 42 U.S.C. § 1985. (FAC ¶¶ 60-68.)

The court denied defendant's Motion to Dismiss plaintiff's 42 U.S.C. § 1983 causes of action, but granted defendants' Motion to Dismiss plaintiff's causes of action under § 42 U.S.C. §§ 1981 and 1985. On May 22, 2018, the court granted defendants' Motion for Summary Judgment on plaintiff's remaining causes of action under 42 U.S.C. § 1983. (Docket No. 77.) Plaintiff did not file an opposition to defendant's Motion for Summary Judgment.

II. Motion for Attorneys' Fees

Defendants now seek $205,650.00 in attorneys' fees against plaintiff for pursuing a frivolous lawsuit. (Defs.' Mot. for Attorneys' Fees at 2 (Docket No. 81).)

Section 1988(b) of Title 42 of the United States Code

authorizes the court, in its discretion, to award a "reasonable" attorney's fee to the prevailing party in a case brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). While § 1988 makes no distinction between prevailing plaintiffs and defendants, courts have interpreted the statute to treat a prevailing defendant differently from a prevailing plaintiff; fees are not awarded to a defendant routinely or simply because the defendant succeeded. See Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060 (9th Cir. 2006). A prevailing defendant in a § 1983 action may be awarded attorneys' fees under § 1988 only when the plaintiff's action is "frivolous, unreasonable, or without foundation." See id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

"A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir. 1981)). "A losing § 1983 claim is without merit only if it is 'groundless or without foundation.'" Gibson v. Office of Atty. Gen., 561 F.3d 920, 929 (9th Cir. 2009) (quoting Christiansburg, 434 U.S. at 421)). "A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception." Galen v. Cty. of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007). The Ninth Circuit has further recognized that "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990).

3

Here, there is no dispute that defendants are the prevailing party on all claims. Rather, defendants argue that plaintiff's claims were frivolous from the outset of the litigation.[2] Defendants appear to rely on the court's reasoning in granting summary judgment in arguing that plaintiff's claims were frivolous. However, the Supreme Court has cautioned district courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421–22.

Furthermore, "in reviewing the pleadings, the Court notes that plaintiff asserted several claims that were not legally or factually baseless." See Pierce, 2013 WL 12174404, at *3. For instance, it is undisputed that defendants searched plaintiffs' work cellphone and that plaintiff was placed on administrative leave. Plaintiff could have reasonably believed that he was subjected to an unlawful search and was placed on administrative leave in retaliation for exercising a protected right. Thus, while the facts and evidence to support plaintiff's allegations may have been insufficient to survive summary judgment, the court cannot say that plaintiff's claims were

---

[2] To the extent that defendants argue that plaintiff's Fourteenth Amendment claim was frivolous because it was vague and difficult to decipher, the fact that "the pleadings were prolix or difficult to comprehend does not imply that the claims were frivolous . . . ." See Pierce v. Santa Maria Joint Union High Sch. Dist., No. 2:11-cv-9463 SVW FMOX, 2013 WL 12174404, at *2 (C.D. Cal. Jan. 29, 2013).

wholly without merit. See Christiansburg, 434 U.S. at 422 ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."); see also Thomas v. Cty. of Riverside, No. 10-cv-1846 VAP DTBX, 2012 WL 13014613, at *4 (C.D. Cal. Apr. 5, 2012) ("[A] few questionable allegations are insufficient to merit a finding that an[] entire claim is frivolous.").

Defendants also point to plaintiff's failure to present any evidence to support his claims in arguing that plaintiff's claims were frivolous. However, an inability to present evidence establishing a genuine issue of material fact to defeat summary judgment does not mean that plaintiff's claims were frivolous. See Karam v. City of Burbank, 352 F.3d 1188, 1196 (9th Cir. 2003) (fact that evidence to support theory failed to materialize, and summary judgment is granted in favor of the defendants, did not render claims groundless, without foundation or frivolous, within the meaning of 42 U.S.C. § 1988, plaintiff's claims).

While the court is concerned by plaintiff's failure to file an opposition to defendants' Motion for Summary Judgment and provide evidence in support of his case, there is no indication that the plaintiff brought his claims in bad faith.³

---

³ Defendants also express concern over plaintiff's delay in responding to discovery. However, whether this delay required defendants to incur additional fees has no bearing on whether plaintiff's claims were frivolous. See Thomas v. Cty. of Riverside, No. 10-cv-01846 VAP DTBX, 2012 WL 13014613, at *4 (C.D. Cal. Apr. 5, 2012) (stating that the considerable cost of defendants' efforts "to quench what ultimately proved to be a lot of smoke with very little, if any, flame" is not a factor the court uses to determine whether plaintiffs' claims were

5

Christiansburg, 434 U.S. at 422 (stating that if a plaintiff "brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.") "Given the disfavor to award defendants attorney fees [in civil rights actions], this Court grants [plaintiff] the benefit of the doubt and admonishes his counsel to screen and evaluate critically those cases which []he pursues and continues to pursue." See Murdock v. Cty. of Fresno, No. 09-cv-0547 LJO SMS, 2011 WL 13842, at *6 (E.D. Cal. Jan. 4, 2011) (denying attorney's fees where plaintiff lacked evidence to support his discrimination and retaliation claims).

For the foregoing reason, the court cannot find that plaintiff's action was frivolous, unreasonable, or wholly without merit.[4] Accordingly, the court will deny defendant's Motion for Attorney's Fees.

III. Bill of Costs

After judgment was entered in favor of defendants

---

frivolous).

[4] Defendants appear to ask the court to consider that plaintiff previously filed a meritless state court lawsuit against defendants. In that action, it appears that defendants filed an anti-SLAPP motion to plaintiff's operative Complaint against the City of Tracy and other Tracy employees alleging unlawful employment actions, and plaintiff voluntary dismissed his lawsuit. (Decl. of Arlin Kachalia ("Kachalia Decl.") ¶ 4.) The state court then awarded the City $24,299.50 in attorney's fees pursuant to the anti-SLAPP statute and ordered plaintiff to pay the City $4,590.13 in costs. However, the state court judge's award of attorneys' fees based on a separate set of facts in a separate action has no bearing in determining whether to award attorneys' fees and costs in the instant action.

6

(Docket No. 78), defendants also submitted a Bill of Costs totaling $6,670.96. (Docket No. 80). Local Rule 292(c) provided plaintiff Juan Espinoza ("Espinoza") with seven days from the date of service to object, and Espinoza did not object.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees-- should be allowed to the prevailing party."); E.D. Cal. Local R. 292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in § 1920).

Defendants have requested $6,670.96 in costs based on services that were actually and necessarily performed. After reviewing the bills, and in light of the fact that plaintiff has not objected, the court finds the requested costs to be reasonable.

IT IS THEREFORE ORDERED that defendants' Motion for attorney's fees (Docket No. 81) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' request for Costs be, and the same hereby is, GRANTED. Costs shall be taxed against plaintiff in the sum of $6,670.96.

Dated: July 19, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE